UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEI INCORPORATED, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-102 |
| | ) | |
| FIRST BANK OF BERNE, and | ) | |
| K4 ARCHITECTURE, LLC, | ) | |
| | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 34.) As the proposed order, which extends beyond the discovery phase of the proceedings, contains several defects, it will be DENIED.

The proposed order's definition of "Confidential Information" is impermissibly broad:

> [T]he term "Confidential Information" means trade secrets and other information that is non-public, proprietary and confidential information, including but not limited to pricing, profit margins and financial information and the architectural work product of the parties . . . .

(Proposed Agreed Protective Order ¶ 2.) Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). However, the protective order submitted by the parties falls short of providing an adequate basis for finding good cause.

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Id.* at 945-46 (noting that a broad protective order granting carte

1

blanche discretion to a party is invalid); *MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Here, the phrase "other information that is non-public, proprietary and confidential" is overly broad and vague. And, of course, the incorporation of the words "including but not limited to" and "includes, without limitation" in connection with the definition of "Confidential Information" in paragraph 2 of the proposed order renders any otherwise properly demarcated category meaningless. As a result, the Court is not satisfied that the parties know what information constitutes protected "confidential" information. *See Cincinnati Insurance*, 178 F.3d at 946 ("The order is so loose that it amounts . . . to giving each party carte blanche to decide what portions of the record shall be kept secret. Such an order is invalid.").

In addition, paragraph 33 of the proposed order states that it "shall continue to be binding after the conclusion of the litigation." However, "[t]he Court is unwilling to enter a protective order that requires the Court to retain jurisdiction of any kind after the resolution of the case." *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 31202654, at *1 (N.D. Ind. Aug. 6, 2010).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But

such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003).  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.  For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties (Docket # 34).

    SO ORDERED.

    Enter for this 18th day of August, 2010.

                                                         S/ Roger B. Cosbey  
                                                         Roger B. Cosbey,  
                                                         United States Magistrate Judge